lawyer there you are now I can see you both I see you're both muted which is inconvenient because I need help pronouncing the appellant's name is it Ravasia Ravasia your honor Ravasia Ravasia okay yes your honor I appreciate that thank you very much case number 21-60029 we can see you both and as long as you can hear us could you give me a thumbs up if you could hear us perfect okay we're ready to hear your argument good morning your honors may it please the court my name is Darren Digicento and I am here on behalf of Deborah and Sajid Ravasia the appellants in this case I would like to reserve three minutes of my time for rebuttal please the reason we are here this morning your honors is the trial court abused its discretion back in 2019 when it elected to grant the US trustees motion to amend its adversary complaint specifically because the trial court failed to identify the correct test and or to apply it such that we ended up with no finding of same conduct transaction or occurrence which is the requirement under a relation back test or to the extent the court did make certain findings and conclusions those findings and conclusions were either illogical implausible or without support from inferences in the record ordinarily as this court is fully aware under Federal Rule of Civil Procedure 15 leave is freely given when justice so requires unless one of the exceptions does apply here that exception is found in the futility argument specifically and that there is a time bar in place under the bankruptcy rules it's in bankruptcy rule 4004 a counsel which if I can cut to the chase at least from my notes I understand there wasn't a 4004 motion made is that correct that is correct your honor okay and it seems to me that the 2016 tax refund was litigated and then the bankruptcy court didn't really make a finding but it was litigated is that right it was it was litigated your honor there were three findings of fact entered by the trial court related to it they all related to the fact that it was brought up and trial that the US trustee did move at the end of trial to amend his complaint to conform to that and that although my clients did object to that that that they did acknowledge as as judge Christian you just mentioned that it was litigated during trial so the only again we've read the findings so if I could get to if you could let me get to my question I'd so appreciate it because otherwise I'm afraid I'm taking a lot of your time I have a pretty specific question about the 2016 tax refund my understanding that that that was ultimately delivered to the bankruptcy estate but I can't tell when is that right do I have that right that is correct your honor okay so then I'd like to go to your relation back argument because I appreciate your point about futility I understand what your argument is about whether this arises from the same transaction or occurrence but it also seems to me that your briefing is devoid of the sort of the 800-pound gorilla or the elephant in the room or whatever analogy is correct because the government has a really persuasive argument that the reason this amendment was late is that your clients failed to abide by their obligations to disclose so I look back at the 20 the second I 341 meeting this was discussed that was a year before trial I think your clients indicated they recognized they should have updated their schedule when they did update the schedule one a month later the wife's income stayed the same at zero husband's income actually dropped I'm trying to figure out when we look at at this amendment what we're really talking about is was there unfair prejudice was there an opportunity to respond I just don't see your brief grappling with that and that's what's going to be helpful to me thank you your honor for clarifying that what I would offer is one point of clarification I believe on what you said is the both of the 341 meetings in this case took place in 2017 and 2019 that doesn't help you counsel that doesn't help you because that makes it even earlier before trial but I've read the transcript where your clients testify that they recognize that this was a the transcript where my clients recognized it was a problem I'm just not not quite sure I'm sure that it should have been disclosed that the wife's income actually wound up being much more than originally anticipated wasn't zero that there was a failure to okay yeah okay thank you your honor on that and again without jumping into too many facts here as I know the court has income at the time of filing my client was unemployed whenever they amended the complaint in 2019 she had by then obtained deployment employment so by that point she actually later in 2017 was able to get employed that's why she went to Afghanistan and volunteered for doctors without borders right we understand that but she counsel counsel we understand that but I am I am looking now at er 48 and just verified the second 341 meeting was on April 26 2019 a month later your clients have met amended their schedule but but even in that amended schedule which I think is May of 2019 it's still a year before trial and your clients mrs. dr. Ravezia's income is still listed at zero that is correct because at the time they filed that was what her income was that's how she understood she was answering that question wait a minute as of as of May of 2019 her income was a zero that's just that's just not does not square with the record I understand the court the court's point on that that that is well taken the way that my clients testified here and again I have to get to trial to talk about some of these things because that's whenever they were because initially in that 2019 hearing when the court made its findings and allowed the amendment at that point nothing had changed about the circumstances in 2017 when my clients had filed for bankruptcy they did not believe there was a need when they amended to go back and recorrect because it did not ask for prospective income at that point and again this was was argued at the higher level but but I do understand how it can be confusing your honor certainly well well let me just put it to you this way if I decide from this record if I am persuaded that there was a additional income or a tax refund that should have been disclosed and that your clients acknowledge that that should have been disclosed could you map that on to the relation back doctrine for me because my point is that in this particular case the government has a was late because of your clients failure to comply okay the tax free tax refund issue your honor was originally listed in the original petition it was listed at that point as an unknown amount because they hadn't yet completed the taxes for that year and they were subsequently able to complete the taxes those were available by 2019 the refund was available by that point the refund was addressed in part in the initial settlement the chapter seven trustee had and ultimately upon discussing with counsel our clients did provide that money back to the estate upon learning that the only thing that was exempted under the settlement agreement was related to any claim for the code so I don't know that that necessarily answered answer the court's question because I see you're still is there a more direct way I can answer it for you I just wanted to be as direct as I could and tell you what the problem I've got with this case and I think that I've made that really clear but I've also monopolized the time judge by be do you have questions I I don't counsel of them to comment this is not a flattering record for your clients so I'm having a difficult time figuring out why the amendment back when that when the trustee had already pled a 727 problem with the oath why additional evidence of falsity on the part of your clients comes as a surprise and should not be and it should not be should not relate back when the trustee could not have pled it at the time because he didn't have it didn't have the information and and to that your honor I would simply say that that is the difference between a legal nexus and a factual nexus we amended claims that were added in 2019 the reason that it was targeted as a relation back argument is that there has to be a factual connection in Ray gun the Ninth Circuit BAP citing its own opinion and in Ray Dean made very clear and it said specifically in determining whether amended cause of action is to relate back the emphasis is not on the legal theory of the action but whether the specified conduct of the defendant upon which the plaintiff is relying to enforce his amended claims is identifiable with the original claim and then it sets a two-part test the first being could you use the evidence that supports the amended claim to support the original claim or it doesn't provide enough notice to put these debtors on notice that that somebody's coming after him for these allegations and in 2017 at the time of this hearing the court sua sponte brought that up with the trustee and there was a pending motion to extend time to object at the time and the u.s. trustee asked the court not to rule on it and then ultimately continued on and when it came back the claims simply did not involve the specific specified conduct of the defendant under the original claims the fact that somebody may have made a false oath when that false oath is identified in the original complaint as relating to the sale of a ski condo potentially retaining an interest in it having personal assets located in that ski condo and making certain payments to bankruptcy has nothing to do with and is not related to whether or not Sajid and Debra Ravazia in reporting their prospective income what they earned from their job has nothing to do with that nor does the allegations that they spent that money lavishly by taking trips to Europe or by paying for spa visits and I agree with your honor that that the record paints a really negative picture of my clients but that is not the standard of review that that we are asking this court to apply here we're asking it to apply the standard identity thank you your honor I'm sorry I thought you spoke up no but but since I have an opportunity I'm just going to observe that so when you come back I haven't heard an answer to my question about at what point does your clients failure to disclose come into this calculation and I what I'm hearing you'll have an opportunity to respond when you come back but I'm hearing you say is that it does not so I'll give you a chance to respond to that sure when you come back I'll just tell you I don't think you've answered my question which is does your clients failure to disclose come into this calculation on the relation back doctrine I've said my view is that the government has a strong argument that the reason the amended complaint was late and I think it's uncontested it was late is because your clients failed to abide by their obligations we're going to leave it at that now so that we can hear from opposing counsel and then when we when you come back you'll have two minutes actually a little more than two minutes counsel morning your honors may please the court Andrew Byron for Appalachian United States trustee Gregory Garvin your honor is exactly right the rises are very unsympathetic debtors the bankruptcy court denied their discharge for their material false oaths and their bankruptcy schedules and their sworn statements the civilly found they source their income under reported their income excuse me by hundreds of thousands of dollars and also significantly under reported their expenses those false oaths were material because that's conduct prevented an accurate picture of their monthly disposable income and that's important because and those facts are challenged here which challenges whether the amendment was proper so could I back up could I bet so the amended complaint was filed in August of 2019 yes I mean accepted for filing I earlier than that significantly earlier than that maybe June of 2019 do you know that I'm trying to figure out what the Delta was between when the government knew and when they filed I don't know if it was accepted when it was ultimately ruled on or when we filed our amended complaint with the with the motion to amend so I just answered part of my own question I think the motion to amend was filed June 19th sorry June 4 2019 I think it looks like it was accepted for that year because the findings indicate August of that year is the the opposition and by and then the hearing on the motion to amend right the second 341 meeting was in April of 2019 that may have been a deposition and then we had the the amended I think there was only two 341 meetings right so the second one in April of 2019 and a month later in May of 2019 the amended schedule is that right and in June on June 4th of 2019 the government amended or filed an amended complaint the 341 meeting I believe all occurred both both occurred in 2017 I think you're the transcript you're looking at is a deposition of mrs. well I'm looking at the findings that the court's findings are you saying that the court's findings are incorrect on that point that wasn't a 341 meeting the court may have said 341 but it was testimony of mr. Bosnia whether it was at a 341 meeting that may have been a misstated in the bankruptcy courts opinion that's exactly what happened then because that's that's that is what he says okay so so I do agree with the opposing counsel on that that 341 was completed in 2017 there was it was continued it was there was two so for your benefit for both of you it's er 48 that I'm looking at on April 26 2019 the debtors testified at a second 341 meeting just looks like maybe there's a typo in the in the judges findings I think it was April 2017 yes okay so in that event I'm not sure that helps anyway that's even earlier that the debtors are acknowledging that these disclosures should have been made and getting back to notice and whether there was an opportunity to prepare for trial and whether this amendment was unfair that's what I'm struggling with yes and obviously the government agrees with you there was no prejudice here there had been over a year of discovery various delays and continuances some motions to compel were required by the government to get the information from the Revazia's so during the course of that discovery we discovered these additional facts that supported the false of claims oh wait a minute if it's 2017 and there's a typo so that it's really April of 2017 that they're acknowledging this now you've got a problem to explain why the amended complaint was filed so much later yeah we are convinced that it that it related back because of the additional discovery we did delays but you're now you're talking about relating back two years is that right what what discovery was done after the second 341 meeting maybe that would help me additional records were provided by the Revazia's we the the United States trustee took over the complaint from the chapter 7 trustee so when did that happen when did that that was in 2017 I don't know the exact date but it was after the 341 meeting in April probably the summer of 2017 so these issues were discovered throughout that process in addition the income the fact that far under reported their income was a part of our further investigation the fact that they had additional expenses when we got the records from them that show they had additional expenses that they didn't disclose on their schedules originally all of those things led to our amended pleading including the fact that you are correct that in June or excuse me I think it was May 2019 the Revazia's amended their schedules which they knew by that point we were going to challenge their income statements they amended their schedules to double down and essentially make the same misstatement about their income and expenses far under reporting it and in fact mr. Ravazia report less by that point mr. Ravazia knew how much he had made in 2017 and 2018 at that point mrs. Ravazia knew she was able to find employment yet she's still in that schedule they amended schedules they still reported zero for her income so the district court made a finding that wife I'm gonna use them I know they're both dr. Ravazia that she had substantial income as early as May of 2017 I appreciate when they filed she was looking for work did some retraining and whatnot but that substantial income I think 260,000 in 2017 is that right is that the right number yes yes and so it was through the discovery process that we got the records to confirm that income and to confirm that she knew leading up to that at the 341 meeting that that that employment was likely to occur and she would likely be making income substantial income July of 2020 correct yeah three-day trial in 2020 all right that's where then can I get you to focus on my my question because I think now we have the timeline straightened out I think there's a one typo and that was very helpful to me to recognize but it's still the best case scenario is that when the schedule was amended this income still wasn't disclosed and that's more than a year before trial so I'm trying to figure out the government has argued that the reason I don't think you can test this amendment was late and your position I think your strongest argument is it was late because it was like pulling teeth to try to get this information I understand that I also understand that we have what we have by way of the authorities that opposing counsel has briefed so thoroughly about when amended complaints do and do not relate back and we take that very seriously so where do we bake in this fact that I've called the you know the elephant in the room that the reason that amendment was late is defendants conduct well I think that because these are these are additional facts that support the original complaint would be allowed relevant at trials and that's one of the sort of nexus is you can find when you're looking at a rule 15c relation back issue is this similar kind of evidence that would support the original the claims of the original complaint and yes so you're going back to the transaction occurrence you're going back to that vanilla test that we see over and over again does it arise from the same transaction or occurrence so to that point the way I read the original complaint before it was amended is a little different than opposing counsel there's a general statement about the conduct of the defendants in failing to disclose and then it says including and then there's the itemized list what I'll call the itemized list about the ski con and the collectibles and so forth yes yes okay so the way he reads that is that the original complaint if I can he can correct me if I'm wrong but the way I think the way opposing counsel reads that is that that was a very specific allegation that really honed in on what I'm referring to as the itemized list collectibles ski condo and whatnot and the way I think you're reading it is that that we should be looking at that broader statement before you get to the word including correct I mean it's it's a ours is our reading is a little error on that you couldn't put anything under that although our argument is not that you can just state essentially they made false oaths and then not include any facts but are the facts that we did allege our roofs are related enough to the income and the expenses allegations that we later made and that's because all of those things that they are to disclose this the ski condominium and the expenses related to that all go into that bottom line number of disposable income which they were trying to manipulate so that they could qualify for a chapter 7 instead of potentially having their case converted to a chapter 11 which would have required them to repay their debts and come up with a plan to repay their debts so the conduct of issue was the manipulation of that disposable income number which the condo expenses related to the failure to disclose their credit cards and the pre-petition payments they've made on those credit cards related to those issues similarly if you look at those issues they must have had some income to pay for those undisclosed expenses though that that brings the income question into it and all that is that's our argument of why these are related enough that the similar evidence would have come in to prove those same allegations but we also have the alternative argument that I think you're talking about is how can they get away with making false statements false oaths after the deadline is passed and that's what rule 4 that's what our rule 404 B argument is related to it's a it's a it's a separate issue it doesn't have to if it doesn't relate back the rule 404 B analysis says the court could have a fraudulent conduct and and and they could have filed a new complaint or we could have filed a new complaint or amended to add that conduct so that's an alternative argument that that's how that conduct is captured and there was yeah there was no 404 motion right there was no 404 motion there was no 404 B motion that is correct the the the motion to amend we did file however set forth everything all the requirements that would need to be established to grant a 404 B motion it wasn't care for 404 B motion but the arguments and the facts in that motion were enough to establish a 404 B extension and then let's get any further questions or judge bear anything further no thank you okay we'll hear from opposing counsel and and because I wasn't clear council I just want to it's er 153 and 154 that I'm looking at so you have an opportunity to respond that's where the original complaint alleged that the debtors knowingly and fraudulently made material false statements including and the next is the allegations at 56 knowingly and fraudulently made false or and accounts as alleged above and that their discharge should be denied pursuant to thank you your honor and I certainly appreciate the time being added to directly the question you posed prior to the break and then I'll go directly to what you've just brought up you had asked about the failure to disclose when does that come into play well here whenever our clients had filed their initial petition they did so there were two 341 meetings in 2017 shortly thereafter and then there was the adversary complaint the chapter 7 trustee had brought and that was ultimately settled with the chapter 7 trustee but continued on nothing else happened in the case other than as they were able to complete their tax returns in 2019 they made the decision to to file amended schedules they believed they were assisting the court and helping to identify accurate numbers based on what they found from the tax returns obviously Mr. Byer and Mr. Perkins a trial took a very different position and and that was was litigated out but there was no nobody had said anything or put anybody on notice that anybody was looking at anything related to income whenever they chose to amend they did it because they then had a complete picture and we're trying to respond to what was going on in front of them okay I think it's best to understand that the 341 meetings both happened in 2017 I appreciate that but I don't see anybody I mean I just verified the record as to when unless you're going to tell me that that's a typo also about when the amended schedule was filed and it continued to list her income at zero yes and and again that was a position she did continue to list it as zero because they believed it answered the question that was being asked in the petition specifically and that petition did not say what is as of the date of amendment what is your income that you've made or average it or show us a perspective estimate of what you expect to get it just simply wasn't in there and so what's your response what's your response then to the question right I think the trial court I'm summarizing that they that they acknowledged at the 341 that it should have been disclosed I do know I I'm standing here your honor without in in front of me I don't believe that that is my recollection fair enough I will double check I'll double check I appreciate that go right ahead you have about a half a minute to wrap up okay and thank you for that your honor and to the point that you brought up a moment ago about er 152 and the statements that were made about alleging there were false oaths including and using that language in there that they listed of course including would tend to mean that that's a non exhaustive list if somebody's looking at it but and so your point is well taken on that point but if it is going to involve a cr-15 relate back exact exception test we know what the standard is and the standard is does it relate back to it and it isn't we know from in Ray gun in particular that we are not looking at whether it is just a false oath it has to be more than that a false oath that based on the conduct of the defendant all of the specified conduct added in the amended complaint is different from what was listed in the original complaint and I would simply ask the court or note for the court the chart that was provided at er 97 and 98 back when mr. O'Rourke who was trial counter was counsel at the time I put that together to to inform the court as to why it was objecting to the request to amend this complaint and then I would in closing just finally point out that back in 2017 when the US trustee took over during the hearing that led to that the specific discussion brought up this issue and as as I believe has been acknowledged by opposing I don't want to misstate or put words in his mouth by any means but whenever that was taken over the trustee noted that it was with all assets and defects of what mr. Munding had filed in that original complaint that gave the debtors the ability to know that for moving forward with what the US trustee took over at least under this relation back 15 motion to amend type argument they knew what would be in front of them that was taken out from under them in 2019 and changed entirely at that point and would simply argue that reversal is warranted the proper findings were never made in the trial court abused its discretion thank you for the extra time your honor you're welcome thank you both for your very helpful argument that'll conclude our arguments today and we'll stand in recess thank you you
judges: BYBEE, BEA, CHRISTEN